Mark L. Javitch* (CA SBN 323729)
Javitch Law Office
480 S. Ellsworth Ave.
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff* and the Class
*Pending Pro Hac Vice Admission

UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| ANDREW BOEHM, individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>SUNDANCE PAYMENT SOLUTIONS, a Utah business entity, REMNANT FINANCIAL SERVICES, INC., a Texas business entity,<br><br>Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1. Plaintiff ANDREW BOEHM ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant SUNDANCE PAYMENT SOLUTIONS ("Sundance") and REMNANT FINANCIAL SERVICES, INC. ("Remnant" or together, "Defendants") to stop their illegal practice of making unauthorized calls that play prerecorded voice messages to the cellular and residential telephones of consumers nationwide, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

1

COMPLAINT

## NATURE OF THE ACTION

2. Defendants sell merchant credit card processing systems. As a primary part of their marketing efforts, Defendants and their agents place thousands of automated calls employing a prerecorded voice message to cellular and residential phones nationwide.

3. Unfortunately, Defendants do not obtain consent prior to placing these calls and, therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4. Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5. The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers with its advertising on a grand scale.

6. By placing the calls at issue, Defendants have violated the privacy and statutory rights of Plaintiff and the Class.

7. Plaintiff therefore seeks an injunction requiring Defendants to stop its unconsented calling, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

8. Plaintiff ANDREW BOEHM is a natural person and is a citizen of the District of Nebraska.

9. Defendant SUNDANCE PAYMENT SOLUTIONS, ("Sundance") is Utah business Entity Number 10585047-0151, operating a website at sundanceftw.com, with its principal place of business

COMPLAINT

located at 101 E Renfro st Burleson, Texas 76028, and mailing address at 100 Throckmorton Street, Ste 250, Fort Worth TX, 76102.

10. Sundance's registered agent, according to the Utah Secretary of State Website, is Corporation Service company, 15 West South Temple, Suite 600, Salt Lake City, UT 84101.

11. Remnant is a Texas business entity with mailing address of 101 E Renfro St. Ste A, Burleson, TX 76028-4248.

12. Remnant's Registered Agent us United States Corporation Agents, Inc., 9900 Spectrum Drive, Austin, TX, 78717.

## JURISDICTION AND VENUE

13. This Court has general federal question subject matter jurisdiction under 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227, which is a federal statute.

14. This Court has specific personal jurisdiction over Defendants because illegal phone calls giving rise to this lawsuit were placed to Plaintiff into this District.

15. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because the wrongful conduct giving rise to this case occurred substantially within this District.

## COMMON FACTUAL ALLEGATIONS

16. Defendants Sundance and Remnant sell and solicit merchant processing equipment and services.

17. To increase their sales and avoid paying for legitimate forms of advertising, Defendant repeatedly sent prerecorded voice messages to thousands or possibly tens of thousands of cellular and residential phones at once.

3

COMPLAINT

18. When the Class members answered their cell phones or listened to their messages expecting to hear from a real person, Defendants pulled a bait and switch by playing a prerecorded voice message.

19. Unfortunately, Defendants failed to obtain consent from Plaintiff and the Class before bombarding their cell phones with these illegal voice recordings.

**FACTS SPECIFIC TO PLAINTIFF**

20. On October 8, 2019, Plaintiff received a phone call on his cell phone number ending in 5375 from a number displaying caller ID 201-944-6257.



21. When Plaintiff answered, Plaintiff heard a prerecorded voice message advertising lower merchant processing rates from "Clover Merchant Processing."

4

COMPLAINT

22. The prerecorded message said to press one to speak to a live agent. Plaintiff pressed one to request more information.

23. A live agent called back from Defendants and Plaintiff was solicited for merchant processing services.

24. Plaintiff received an email from a sales representative at @sundanceftw.com.

25. Plaintiff never consented to receive calls from Defendants. Plaintiff had no relationship with Defendants and has never requested that Defendants contact him in any manner.

26. Defendants' calls violated Plaintiff's statutory rights.

## CLASS ALLEGATIONS

27. **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **No Consent Class**. All persons in the United States who: (1) from the last 4 years to present (2) received at least one telephone call; (3) on his or her cellular and/or residential telephone; (4) that was called and/or played a prerecorded voice message; (5) for the purpose of selling Defendants' products and/or services;

28. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

29. **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants

COMPLAINT

placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

30. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

32. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

33. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

COMPLAINT

i.  Whether Defendants' conduct violated the TCPA;

ii.  Whether the calls played voice recordings to cell phones;

iii.  Whether Defendants obtained prior express written consent prior to contacting any members of the Class;

iv.  Whether members of the Class are entitled to treble damages based on the knowingness or willfulness of Defendants' conduct.

34.  **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## CAUSE OF ACTION
## Violation of 47 U.S.C. § 227
## (On behalf of Plaintiff and the Class)

35.  Plaintiff incorporates the foregoing allegations as if fully set forth herein.

36.  Defendants and/or its agent placed telephone calls to Plaintiff's and the Class members' cellular telephones without having their prior express written consent to do so.

COMPLAINT

37. Defendants' calls were made for a commercial purpose.

38. Defendants played a prerecorded voice message to the cellular and residential phones of Plaintiff and the Class members as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and (B).

39. As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop their illegal calling campaign.

40. Defendants and/or its agent made the violating calls "*willfully*" and/or "*knowingly*" under 47 U.S.C. § 227(b)(3)(C).

41. If the court finds that Defendants *willfully* and/or *knowingly* violated this subsection, the court may increase the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff ANDREW BOEHM, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff ANDREW BOEHM as the Class representative and appointing his counsel as Class Counsel;

B. An order declaring that Defendants' actions, as set out above, violate the TCPA;

C. An order declaring that Defendants' actions, as set out above, violate the TCPA *willfully* and *knowingly*;

D. An injunction requiring Defendants to cease all unlawful calls without first obtaining the call recipients' prior express written consent to receive such calls, and otherwise protecting interests of the Class;

E. An award of actual damages and/or statutory fines and penalties;

COMPLAINT

F.   An award of reasonable attorneys' fees and costs; and

G.   Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: November 30, 2020

Respectfully submitted,

ANDREW BOEHM, individually and on behalf of all others similarly situated,

By: /s/ Mark L. Javitch                    .

Mark L. Javitch (California SBN 323729)*
Javitch Law Office
480 S. Ellsworth Ave
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650 648-0705

*Attorney for Plaintiff and the Putative Class*
*Pending Pro Hac Vice Admission